IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-50934
Summary Calendar
_____

ROSEMARY PANTOJA,

Plaintiff-Appellant,

versus

KENNETH S. APFEL,
Commissioner of Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Western District of Texas
USDC No. SA-98-CV-214-HG
_____

July 13, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Rosemary Pantoja appeals the magistrate judge's final judgment affirming the Social Security Commissioner's denial of disability insurance benefits.[1] Pantoja argues (1) that she suffers from a medical condition equal to an impairment listed in Appendix 1 of the regulations, (2) that the Commissioner erred in determining that her subjective complaints of pain were credible only to the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]In the district court, both parties consented to proceedings before a magistrate judge.

extent that they were compatible with her ability to perform a limited range of light and sedentary work, (3) that the Commissioner failed to carry its burden of showing that there are a significant number of jobs in the national economy that she could perform gainfully, and (4) that the Commissioner's decision failed to list her specific nonexertional work limitations.[3]

Pantoja's first argument--that she suffers from a medical condition which meets or equals a listed impairment--is inadequately briefed and therefore waived.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  After reviewing Pantoja's remaining arguments and the record, we hold that the Commissioner's decision is supported by substantial evidence and is based on the proper legal standards.  See Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995).  Accordingly, the magistrate judge's final judgment is

A F F I R M E D.

---

[3]In her statement of the issue, Pantoja states that the issues on appeal include "[w]hether the Commissioner properly found that [she] could perform her past relevant work . . . ."  Wisely, Pantoja does not attempt to brief this issue in the body of her brief.  The statement is flatly contradicted by the record.  In concluding that Pantoja was not disabled, the Commissioner determined that, although Pantoja could **not** perform her past relevant work, she was capable of other substantial gainful activity.